```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
2                        WESTERN DIVISION

3    UNITED STATES OF AMERICA,    )   Docket No. 09 CR 50034
                                  )
4              Plaintiff,         )   Rockford, Illinois
                                  )   Tuesday, February 22, 2011
5         v.                      )   2:30 o'clock p.m
                                  )
6    OSIC BERNARD PUCKETT,        )
                                  )
7              Defendant.         )

8                      EXCERPT OF PROCEEDINGS
              BEFORE THE HONORABLE FREDERICK J. KAPALA
9
     APPEARANCES:
10
     For the Government:         HON. PATRICK J. FITZGERALD
11                               United States Attorney
                                 (308 West State Street,
12                                Rockford, IL  61101) by
                                 MR. MARK T. KARNER
13                               Assistant U.S. Attorney

14   For the Defendant Puckett:  SREENAN & CAIN
                                 (321 West State Street,
15                                Suite 803,
                                  Rockford, IL  61101) by
16                               MR. DANIEL J. CAIN

17   Also Present:               MR. ERIC SEAGREN
                                 Probation Department
18
     Court Reporter:             Mary T. Lindbloom
19                               211 South Court Street
                                 Rockford, Illinois  61101
20                               (815) 987-4486

21

22

23

24

25
```

PDF created with pdfFactory trial version www.pdffactory.com

1        (The following is an excerpt of proceedings:)

2        THE COURT:  I've considered the presentence report and
3   accompanying materials.  I've considered the sentencing
4   guidelines calculations and all of the other sentencing factors
5   contained in Section 3553(a).  Among those factors are the
6   nature and circumstances of the offense, the history and
7   characteristics of the defendant.  I also recognize the need for
8   the sentence imposed to reflect the seriousness of the offense,
9   to promote respect for the law, and to provide just punishment
10  for the offense, to afford adequate deterrence to criminal
11  conduct, to protect the public from further crimes of the
12  defendant, to avoid unwarranted sentencing disparities among
13  defendants with similar records who have been found guilty of
14  similar conduct, and to provide the defendant with needed
15  educational or vocational training, medical care, or other
16  correctional treatment in the most effective manner.

17        The guidelines calculations take into account the
18  quantity of marijuana for which the defendant is accountable,
19  his acceptance of responsibility, and his lack of countable
20  convictions.

21        In mitigation, the defendant has owned and managed real
22  estate.  He's had vocational training.  He's attended college
23  classes, reportedly has been obtained his GED.  His family is
24  supportive.  And what's significant to me is that -- among other
25  things -- is that he's waived his right to appeal the denial of

PDF created with pdfFactory trial version www.pdffactory.com

1   his motion to suppress.

2   In aggravation, the defendant's transfer of substantial
3   assets to his mother in August of 2009 leads the court to the
4   conclusion that it was done in an effort to avoid having those
5   assets seized or applied to his financial obligations or
6   penalties relating to this case.  He has a prior criminal felony
7   conviction which was not counted toward his criminal history
8   because of age.

9   In view of the foregoing, I have determined that a
10  sentence within the guideline range is the most appropriate
11  sentence in this case.  I conclude that a sentence sufficient
12  but not greater than necessary to comply with the purposes set
13  forth in paragraph two of Section 3553(a) is as follows.

14  Probation is not authorized in this case.  The
15  defendant is hereby committed to the custody of the United
16  States Bureau of Prisons to be imprisoned for a total term of
17  60 months.  I'll recommend to the Bureau of Prisons that the
18  defendant be assigned to a facility which will offer a
19  residential drug abuse program  In the defendant's pro se
20  submission, he asked to be assigned to a federal medical
21  facility.  I must defer to the expertise and the prerogatives of
22  the Bureau of Prisons.

23  MR. CAIN:  May I speak to that briefly, Judge?
24  THE COURT:  Yes.
25  MR. CAIN:  We appreciate and certainly we are asking

PDF created with pdfFactory trial version www.pdffactory.com

1  placement into the comprehensive drug and alcohol program, your
2  Honor.  In addition to that, it's obvious to me that Mr. Puckett
3  has some type of a growth on his back.  I was able to physically
4  perceive it with my hands yesterday at the Ogle County Jail.
5  There is some type of a problem, a physical problem, with regard
6  to that.
7           It's true that he has been to the doctor in the Ogle
8  County facility.  The Ogle County doctor at first told him
9  something to the effect that "I know what it is," but wouldn't
10 share the information with Mr. Puckett.  But it seems to be
11 increased in size and I believe needs medical attention, and I
12 would think, perhaps, that the prison facility in Minnesota by
13 all accounts seems to have an excellent medical program for
14 treatment for prisoners who need treatment, and I would ask you
15 to consider recommending that.
16          THE COURT:  What's the name of the facility in
17 Minnesota?
18          MR. CAIN:  I believe it's in Rochester, Minnesota,
19 Judge.
20          MR. KARNER:  Judge, I don't mean to put the cart before
21 the horse, though it seems to me there should be a diagnosis to
22 support that recommendation rather than just sending him there.
23          THE COURT:  Well, it's going to be up to the Bureau of
24 Prisons, anyway.  I mean, I could recommend anything, and if
25 they don't think it's appropriate, they won't do it.

1         MR. KARNER: Okay.

2         THE COURT: But I've got a list of Bureau of Prisons
3 facilities, if you'd like me to get it.

4         MR. CAIN: I'm certain that it is Rochester, Minnesota.

5         THE COURT: I'll make a recommendation to the Bureau of
6 Prisons that the defendant be assigned to the facility in
7 Rochester, Minnesota. Of course, everybody understands that
8 that's only a recommendation by me and that I will defer to
9 their expertise, their experience in this matter, and I will
10 rely on them to assign the defendant to the facility that can
11 best provide for his medical needs. And one of the
12 considerations that I have to take into account is that the
13 sentence in this case provide the defendant with proper medical
14 care under 3553(a)(2)(D). In any event, I'll do that for you.

15         MR. CAIN: Thank you.

16         THE COURT: Upon release from imprisonment, defendant
17 shall serve a term of supervised release of five years. The
18 defendant shall comply with the standard conditions contained in
19 the supervised release order and shall also comply with the
20 following conditions. Defendant shall not possess a firearm,
21 ammunition, destructive device, or any other dangerous weapon.
22 The defendant shall cooperate in the collection of DNA as
23 directed by the probation officer.

24         During the term of supervised release, the defendant
25 shall submit his person, premises, office, vehicle, or other

PDF created with pdfFactory trial version www.pdffactory.com

1 property to a search with or without reasonable suspicion of
2 probable cause to be conducted by the United States Probation
3 Office or any sworn federal, state, or local law enforcement
4 officer at the direction or with the authorization of the United
5 States Probation Office in a reasonable manner and for the
6 purpose of investigating any violation of any conditions of
7 supervised release.  Failure to submit to such a search will be
8 grounds for revocation of his supervised release.  The defendant
9 shall promptly notify any other resident that his premises is
10 subject to a search pursuant to this condition.
11 　　　　　Also, the defendant shall participate in any substance
12 abuse counseling program deemed appropriate by the Probation
13 Department.
14 　　　　　In regard to a fine, I have also considered the factors
15 contained in Section 3572, as well as the evidence and matters
16 brought up during this hearing.  The court orders the defendant
17 to pay a fine of $25,000.  That's due immediately.  I'll order
18 the defendant to pay a special assessment of $100.  That's due
19 immediately.  If the fine and special assessment are not paid in
20 full during the term of incarceration, then during his term of
21 supervised release and as an additional condition of that
22 supervised release, the defendant shall pay to the Clerk of the
23 Court at least 10 percent of the defendant's gross earnings
24 minus federal and state income tax withholding until the fine
25 and special assessment are paid.  It seems to me they will be

1  paid, as there is at least that amount of money available from
2  the bond money and the amount of money seized from the garment
3  bag.
4         MR. CAIN:  I will work with the probation department,
5  your Honor, to effectuate that.  When you say immediately, I'm
6  certain you mean within a reasonable time period.  We can
7  arrange for those matters to be transferred.
8         THE COURT:  Certainly.
9         Mr. Cain, have I addressed all your arguments?
10    (Which were all the proceedings had in the excerpt of the
11     above-entitled cause on the day and date aforesaid.)
12    I certify that the foregoing is a correct transcript from
13 the excerpt of proceedings in the above-entitled matter.
14
15  _____
16  Mary T. Lindbloom
    Official Court Reporter
17

PDF created with pdfFactory trial version www.pdffactory.com